**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CATHERINE SCHRAMEK,**

     **Plaintiff,**

**vs.**

**AMERICANA DENTAL, INC. and**
**US DENTAL MILLING LLC**

     **Defendants,**

_____/

## COMPLAINT

Plaintiff, CATHERINE SCHRAMEK, hereinafter referred to as "PLAINTIFF" pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through her undersigned counsel and sues the Defendants, AMERICANA DENTAL, INC., hereinafter referred to as "AMERICANA" and US DENTAL MILLING LLC, hereinafter referred to as "MILLING", collectively known as "DEFENDANTS" and states as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2.     Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

## PARTIES

3.     At all times material herein, Plaintiff was and is a resident of Hernando County, Florida.

4. At all times material herein, Defendant, AMERICANA, was and is a foreign corporation licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County.

5. At all times material herein, Defendant, MILLING, was and is a foreign corporation licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County.

6. At all times material Defendants were employers as defined by the laws under which this action is brought.

7. At all times material herein, Defendants were an integrated enterprise or joint employer of Plaintiff.

## GENERAL ALLEGATIONS

8. At all times material, Defendants acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

9. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employers.

10. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

11. Plaintiff requests a jury trial for all issues so triable.

## FACTS

12. Plaintiff began her employment on or about June 20, 2017, as a part time bookkeeper working three days a week.

13. Plaintiff was compensated on an hourly rate basis at the end of employment rate of

$25.00 per hour for work at the office and $35.00 per hour for hours she was asked to work at home.

14.     Plaintiff was also reimbursed for tolls as her commute required her to travel a toll road – the Suncoast Parkway.

15.     On or about May 30, 2018, Plaintiff was promoted to a full-time bookkeeper.

16.     On September 11, 2019, Plaintiff was injured while at work.  Plaintiff and two of her coworkers were moving a pallet of tools from a delivery van into Defendants' warehouse.

17.     Plaintiff promptly notified her supervisor, Marlene, who told her to keep an eye on it and let her know.

18.     Two days after the incident Plaintiff informed Marlene that she needed medical care and asked whether she should go through workers' compensation as she knew the owner, Pedro, had paid workers that had workers compensation injuries directly rather then have them file claims.

19.     Plaintiff finally received a text five days after her injury informing her to go through Defendants' Workers' Compensation carrier.

20.     Plaintiff promptly sought a medical evaluation and treatment which required her to take two weeks plus off work.

21.      When Plaintiff returned from her medical leave on October 18, 2019, Anna, the General Manager informed her that she would no longer be compensated for her commuting tolls.

22.     In addition, Plaintiff was for the first time presented with a written warning for an alleged incident that, if it happened, happened at least several months earlier.  Plaintiff refused to sign the retaliatory write up.

23.     On October 31, 2019, Plaintiff was called into a meeting and informed that she was being let go as they were eliminating her position.

24.     Defendant has refused to pay Plaintiff her earned PTO without her signing a liability

release.

## COUNT I
## WORKERS' COMPENSATION RETALIATION

25.     Plaintiff realleges paragraphs one (1) through twenty-four (24) as though set forth fully herein.

26.     Plaintiff was an employee within the meaning of Florida Statute Section 440.02 (1993).

27.     Plaintiff's employment was terminated effective October 31, 2019, due to and by reason of Plaintiff's valid claim for worker's compensation benefits and/or Plaintiff's attempt to exercise her rights under Florida's workers' compensation law.

28.     Defendants have taken unlawful action against Plaintiff by reason of Plaintiff's valid claim for workers' compensation laws, in violation of Florida Statute Section 440.205 (1993).

29.     As a direct, natural, foreseeable and proximate result of the Defendants' wrongful termination of the Plaintiff, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, demands a trial by jury and judgment for economic and compensatory damages, in an amount in excess of Fifteen Thousand ($15,000.00) Dollars, costs and attorneys' fees, injunctive relief and such other relief to which the Plaintiff may be justly entitled.

## COUNT II
## FAIR LABOR STANDARD ACT

30.     Plaintiff realleges paragraphs one (1) through twenty-four (24) as though set forth fully herein.

31.     At all times material, Defendants, failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendants in excess of forty (40) hours per work week, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half for the hours in

excess of forty (40) that were worked each week.

32.     Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful.

33.     As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff prays for the following damages against Defendants.:

a.     Overtime compensation

b.     Liquidated damages;

c.     Prejudgment interest;

d.     Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim.

e.     Equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy; and

f.     Such other relief as the court may deem just and proper.

### COUNT III
### FLORIDA STATUTE CHAPTER  448.08

34.     Plaintiff realleges paragraphs one (1) through twenty-four (24) as though set forth fully herein.

35.     Plaintiff earned wages over the course of her employment which are owed and payable by the Defendant employers pursuant to Florida Statute Chapter 448.08.

36.     Defendants, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law

including judgment against Defendants for back pay, unpaid wages, commissions, liquidated

damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the

prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 2nd day of January 2020.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
WOLFGANG M. FLORIN, ESQUIRE
Florida Bar No.: 907804
wolfgang@fgbolaw.com
CHRISTOPHER D. GRAY, ESQUIRE
Florida Bar No.: 902004
Primary:        Chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Attorneys for Plaintiffs