UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CATHERINE SCHRAMEK,

    Plaintiff,

                                        CASE NO. 8:20-CV-009-T-36AAS

v.

AMERICANA DENTAL, INC. and
US DENTAL MILLING, LLC,

    Defendants.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT
AND STIPULATION OF DISMISSAL**

    Plaintiff, Catherine Schramek, and defendants, Americana Dental, Inc. and US Dental Milling, LLC (collectively, the "Defendants"), by their attorney's, move the Court to approve the parties' settlement of Plaintiff's claims, and upon said approval, the parties stipulate to the dismissal of the Plaintiff's claims, with prejudice, each party to bear their own costs of this action.

    As grounds therefore, the parties state as follows:

**BACKGROUND**

    In the instant action, Plaintiff claims entitlement to unpaid overtime compensation, pursuant to the Fair Labor Standards Act 29 U.S.C. § 201 et seq.

44512782 v1

("FLSA") and Fla. Stat. §448.08. Plaintiff also claims that Defendants retaliated against her in violation of Fla. Stat. §440.205. Defendants dispute Plaintiff's claims. However, in order to avoid the costs and uncertainty of litigation, the Parties negotiated a settlement of this matter during mediation. Both parties were represented by counsel during all settlement negotiations. The Parties now seek approval of this settlement from the Court.

## MEMORANDUM OF LAW

### A. The Settlement is Reasonable and Fair.

Pursuant to the case law of this Circuit, judicial review and approval of the Parties' settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). In fact, in *Lynn's Food Stores*, the Eleventh Circuit held that "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1352-53.

The Court should approve a FLSA settlement if it is a "fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of

litigation." *Id*. at 1354.  In determining whether the settlement is a fair and reasonable resolution, the Court should consider the following factors:

(i)     the existence of fraud or collusion behind the settlement:

(ii)     the complexity, expense, and likely duration of the litigation;

(iii)     the stage of the proceedings and the amount of discovery completed;

(iv)     the probability of plaintiffs' success on the merits:

(v)     the range of possible recovery; and

(vi)     the opinions of the counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n. 6 (11th Cir. 1994).  When considering these factors, the Courts "should be mindful of the strong presumption in favor of finding a settlement fair." *Bennett v. D.L.S. Marketing, LLC*, 2009 WL 1309758, *2 (M.D. Fla. May 7, 2009).  *See also Wingrove v. D.A. Technologies, Inc.*, 2011 WL 7307626, *2 (N.D. Ga. Feb. 11, 2011) (recognizing the "strong presumption" that FLSA settlements are fair and reasonable to plaintiffs).

       **B.**     <u>**Relevant Fact Support Approval of Settlement.**</u>

As an initial matter, the undersigned counsel have represented both parties since the initiation of this litigation; including during two separate days of mediation and settlement discussions.  The Court can rely upon the judgment of experienced

3

counsel and, absent fraud, "should be hesitant to substitute its own judgment for that of counsel." *Behrens v. Wometco Enterprises, Inc.*, 118 F.R.D. 534, 539 (S.D. Fla. 1988), aff'd sub nom. *Behrens v. Wometco Enterprises,* 899 F.2d 21 (11th Cir. 1990). Wolfgang Florin, Esquire and Christopher Wolf, Esquire of Florin Gray Bouzas Owens, LLC represented the Plaintiff. Ralph Mangione, Esquire and Nafela Hojeij, Esquire of Burr and Forman, LLP represented the Defendants. Both Parties' counsel are seasoned trial lawyers, are familiar with the subject matter of Plaintiff's claims and zealously represented their clients' rights and interests.

While there remain disagreements as to the merits of Plaintiff's claims, the parties have conducted substantial discovery and exchanged other information in order to fairly evaluate and advise their clients as to the benefit of settlement. Despite the exchange of discovery, the parties have expressed and discussed their disagreements over the merits of Plaintiff's claims. While Plaintiff alleges that she did not receive overtime compensation for hours worked from home, Defendants contend that Plaintiff was paid for all hours worked. The Defendants further contend that Plaintiff issued payments to herself and, assuming *arguendo* that if Defendants failed to pay any wages due, that the Plaintiff was the Defendants' bookkeeper and the ultimate party responsible for the payment of wages. If this matter is litigated further, the parties will have to continue costly and timely discovery to establish the

authenticity and appropriateness of the payments Plaintiff made to herself, as well as proof that Plaintiff did work from home, as the alleged overtime hours from home were not reported to Defendants in accordance with their established policies. Due to the complexity of the parties' positions, continued litigation would be costly and uncertain.

Given the disputes and facts as shown above, Plaintiff's likelihood of success and, as such, possibility of recovery is uncertain. In light of the uncertainty of Plaintiff's success as well as the amounts, if any, Plaintiff would recover if she were to continue litigating her claims, the Court should find that the settlement is fair and reasonable.

The Parties and their counsel agree that the amount of settlement is fair in light of the disputes over the merits of Plaintiff's claims, and the expense and uncertainty of continuing litigation, especially in light of COVID-19 and its economic impact on Defendants' industry.

### C.  The Settlement is Reasonable.

The parties resolved Plaintiff's FLSA claim for consideration in the amount of Fifteen Thousand Dollars ($15,000.00). The Plaintiff agrees, warrants, and acknowledges that the settlement agreement reflects a reasonable compromise of all of her claims including, but not limited to, the issue of computation of additional

pay, including overtime pay and liquidated damages, that was actually in dispute in this litigation and that she is not merely waiving her rights, whether under the FLSA, chapter 448, Fla. Stat., or any other statute, by entering into a settlement of her claims. Plaintiff further agrees, warrants, and acknowledges that she entered into this settlement voluntarily and knowingly, with no reliance on, or coercion by, Defendants, and with the advice and counsel of her undersigned attorney.

The settlement includes attorneys' fees in the amount of Six Thousand Seven Hundred and Fifty Dollars ($6,750.00). Plaintiff's counsel, identified above, agree that the attorney's fees and costs were negotiated separately from, and without regard to, the settlement sums being paid to Plaintiff. In this regard, in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). This Court held that "[i]f the parties submit a proposed FLSA settlement that (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the

settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." The attorney's fees and costs negotiated separately in this matter are fair and reasonable.

## CONCLUSION

As shown above, the settlement terms are fair, reasonable and adequate given all facts and circumstances surrounding this litigation.

As such, the Parties hereby jointly stipulate and agree that the case should be dismissed with prejudice pursuant to Rule 41(a), Fed.R.Civ.P. upon approval of the settlement by this Court as requested above, and for the Court to retain jurisdiction in order to enforce the terms of the settlement agreement, if needed. Accordingly, the parties request that this Court approve the settlement of Plaintiff's claims and issue a stipulated judgment that the settlement reflects a fair and reasonable resolution of a bona fide dispute over Plaintiff's claims.

WHEREFORE Plaintiff, Catherine Schramek, and Defendants, Americana Dental, Inc. and US Dental Milling, LLC, respectfully request this Court (1) approve the parties' settlement of Plaintiff's claims and, upon said approval, (2) for the entry of an order dismissing Plaintiff's FLSA and other claims, with prejudice, each party to bear their own costs of this action.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Wolfgang M. Florin* | */s/ Ralph P. Mangione* |
| Wolfgang M. Florin, Esquire | Ralph P. Mangione, Esquire |
| Florida Bar No.: 907804 | Florida Bar No.: 367354 |
| Christopher D. Gray, Esquire | Nafela W. Hojeij, Esquire |
| Florida Bar No.: 902004 | Florida Bar No. 121542 |
| FLORIN GRAY BOUZAS OWENS, LLC | BURR & FORMAN LLP |
| 16524 Pointe Village Drive | 201 N. Franklin Street |
| Suite 100 | Suite 3200 |
| Lutz, Florida 33558 | Tampa, Florida 33602 |
| wolfgang@fgbolaw.com | rmangione@burr.com |
| chris@fgbolaw.com | nhojeij@burr.com |
| Telephone: (727) 254-5255 | anolting@burr.com |
| | Telephone: (813) 221-2626 |
| Attorneys for Plaintiff, Catherine Schramek | Attorney for Defendants, Americana Dental, Inc. and US Dental Milling, LLC. |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 12th day of November, 2020, a true and correct copy of the foregoing was provided by the CM/ECF to:

| **Wolfgang M. Florin, Esquire** | **Ralph P. Mangione, Esquire** |
|---|---|
| Florida Bar No.: 907804 | Florida Bar No.: 367354 |
| Email: wolfgang@fgbolaw.com | Email: rmangione@burr.com |
| **Christopher D. Gray, Esquire** | BURR & FORMAN, LLP |
| Florida Bar No.: 902004 | 201 N. Franklin Street |
| Email: Chris@fgbolaw.com | Suite 3200 |
| FLORIN GRAY BOUZAS OWENS, LLC | Tampa, Florida 33602 |
| 16524 Point Village Drive, Suite 100 | Telephone: 813-221-2626 |
| Lutz, FL 33558 | *Counsel for Defendants* |
| Telephone: 727-254-5255 | |
| *Counsel for Plaintiff* | |

8